IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ROBERT G. BURCHILL,** | : | **CIVIL ACTION** |
| Appellant, | : | |
| | : | |
| v. | : | No. 13-3548 |
| | : | |
| **WELLS FARGO BANK, N.A.,** | : | Bankruptcy No. 12-20061 |
| Appellee. | : | |
| | : | |

**M E M O R A N D U M**

**Stengel, J.**                                                                                     **March 20, 2014**

This is an appeal from the Bankruptcy Court's decision to discharge a debtor's bankruptcy case. For the reasons stated below, I will affirm the Bankruptcy Court's decision.

**I.     BACKGROUND**

This appeal has a long, convoluted procedural history, related primarily to a mortgage foreclosure of Mr. Burchill's property.[1] Mr. Burchill, the debtor/appellant, is a trained attorney who has represented himself in all matters discussed hereafter. Wells Fargo became title owner of Mr. Burchill's property at 2120 Latta Street in Allentown, PA through a sheriff's sale.[2] On December 21, 2011, Wells Fargo recorded title.[3] In

---

[1] In order to fully explain the nature of this appeal, I believe an explanation of the history of this case is necessary, though this information involves more than what was provided in the record sent from the Bankruptcy Court for the appeal. I will take judicial notice of this information, which comes from what is in the public record. See FED. R. EVID. 201(c)(1); In re Semcrude, L.P., 728 F.3d 314, 326 n. 11 (3d Cir. 2013) ("In accord with the usual view, judicial notice may be taken at any stage of the proceedings, whether in the trial court or on appeal."(quoting Fed. R. Evid. 201 advisory committee's note)(quotation marks omitted)).

[2] 13-cv-1483, Response in Opposition for Reinstatement, Doc. No. 4, Ex. E at 5 (Judge Fehling's Revised Statement Supporting Order Dated December 11, 2012).

1

January 2012, Wells Fargo filed a complaint for ejectment in state court, which Mr. Burchill opposed.[4] The Court of Common Pleas of Lehigh County entered judgment in favor of Wells Fargo on May 4, 2012.[5] The Pennsylvania Superior Court affirmed the Court of Common Pleas on September 19, 2012 (Docket No. 2012-C-0055).[6] Wells Fargo filed a Writ of Possession on October 18, 2012. On October 26, 2012, Mr. Burchill filed an appeal from judgment of the Pennsylvania Superior Court at Docket No. 1605 EDA 2012 with the Pennsylvania Supreme Court.[7]

That same day, Mr. Burchill filed his Chapter 7 bankruptcy petition, which was assigned to Judge Fehling.[8] Noting *sua sponte* that the Petition for Allowance sought redress for the state court decisions but was filed in a federal venue, the Bankruptcy Court entered an Order to Show Cause Why Pleading [Petition for Allowance] Should Not Be Dismissed, on October 31, 2012.[9] On November 6, 2012, Mr. Burchill failed to

---

[3] Id.

[4] Id.

[5] Id.

[6] Id. at 3. The Pennsylvania Superior Court dismissed the appeal on August 22, 2012 and then denied an application to reinstate the appeal (application for reconsideration) on September 19, 2012. See PA Superior Court 1605 EDA 2012.

[7] Id. The Pennsylvania court docket indicates that the Pennsylvania Supreme Court entered an Order on March 26, 2013 denying the petition for allowance of appeal. See PA Supreme Court No. 876 MAL 2012. On May 20, 2013, the Pennsylvania Supreme Court also denied Mr. Burchill's application for reconsideration. See id.

[8] Id.

[9] Id. Judge Fehling relied on Great Western Mining & Mineral Co. v. Fox Rothchild, LLP, which explained that the Rooker-Feldmen doctrine prevents federal courts from having jurisdiction "over suits that are essentially appeals from state court judgments." 13-cv-1483, Response in Opposition for Reinstatement, Doc. No. 4, Ex. E at 3 n. 4 (Judge Fehling's Revised Statement Supporting Order Dated December 11, 2012)(citing Great Western Mining & Mineral Co. v. Fox Rothchild, LLP, 615 F.3d 159, 165-66 (3d Cir. 2010)).

2

appear at the hearing on the show cause order to support his filing the state court appeal in federal court.[10] As a result, the Bankruptcy Court dismissed the state court pleadings from the bankruptcy case by an oral Bench Order.[11] On November 6, 2012, the Bankruptcy Court then entered an Order Dismissing State Court Pleadings, thereby memorializing its earlier oral Bench Order.[12]

On November 19, 2012, Wells Fargo moved for the Bankruptcy Court to lift the automatic stay under 11 U.S.C. § 362 as it pertained to the 2120 Latta Street property, so that Wells Fargo could continue its foreclosure on the property.[13] Wells Fargo requested that it be permitted to proceed with its rights in state court—up to and including eviction and removal of any and all personal property at the 2120 Latta Street property.[14]

In this November 19, 2012 motion, Wells Fargo erroneously called Mr. Burchill "Richard Simononis" in the second paragraph; all other references to Mr. Burchill's name and address in the motion were correct.[15] On December 4, 2012, Mr. Burchill sent a handwritten memorandum to the court bringing the single error to its attention.[16] Mr. Burchill indicated that the error made the motion "confusing;" he also asserted that the

---

[10] 13-cv-1483, Response in Opposition for Reinstatement, Doc. No. 4, Ex. E at 4 (Judge Fehling's Revised Statement Supporting Order Dated December 11, 2012).

[11] Id.

[12] Id.

[13] 13-cv-1483, Response in Opposition for Reinstatement, Doc. No. 4, Ex. A.

[14] Id.

[15] 13-cv-1483, Response in Opposition for Reinstatement, Doc. No. 4, Ex. C.

[16] Id.

request was "constitutionally wrong," without any further elaboration of this point in the handwritten note.[17]

A hearing was held on December 11, 2012 on Wells Fargo's November 19, 2012 Motion for Relief; Mr. Burchill failed to appear for this hearing.[18] The Bankruptcy Court granted Wells Fargo's request to lift the automatic stay in an order entered that same day.[19] Mr. Burchill filed a Notice of Appeal of this Order on December 28, 2012.[20]

In his Statement Supporting the December 11, 2012 Order, Judge Fehling explained that Mr. Burchill's appeal should be quashed as untimely under Federal Rule of Bankruptcy Procedure 8002(a), which states that "the notice of appeal shall be filed with the clerk within 14 days of the date of the entry of the judgment, order, or decree appealed from."[21] He explained that even if Mr. Burchill mistakenly believed he had an additional three days to file his appeal under Bankruptcy Rule 9006(f), this excuse was

---

[17] Id.

[18] 13-cv-1483, Response in Opposition for Reinstatement, Doc. No. 4 at ¶ 1.

[19] 13-cv-1483, Response in Opposition for Reinstatement, Doc. No. 4, Ex. B.

[20] 13-cv-1483, Response in Opposition for Reinstatement, Doc. No. 4, Ex. D. In that appeal, Mr. Burchill claimed violations of both his equal protection and due process rights related to "important §362 bankruptcy rights." For this assertion, Mr. Burchill cited the Fourteenth and Fifth Amendments of the U.S. Constitution along with Boling v. Sharpe, 347 U.S. 497 (1954). He further noted that the order "seems to continue the unfair and/or deceptive practices complained of, throughout applicant's mortgage experience. Such are contrary to mortgage remedial efforts."

[21] Judge Fehling then issued a Revised Statement Supporting the December 11, 2012 Order, pursuant to Local Bankruptcy Rule 8001-1(b). 13-cv-1483, Response in Opposition for Reinstatement, Doc. No. 4, Ex. E; FED R. BANKR. PROC. 8002(a).

unjustified given that Mr. Burchill is a licensed attorney who should understand the intricacies of time periods—a point which may be difficult for a lay person.[22]

Judge Fehling went on to explain his decision to lift the stay on December 11, 2012. In particular, he noted how Mr. Burchill, a licensed attorney well aware of his obligations in such a situation, failed to submit a formal response to Wells Fargo's November 19, 2012 motion. He also indicated that Mr. Burchill had admitted that Wells Fargo had obtained title to the Latta Street property and had also obtained an order of ejectment, for which the appeal periods had expired.

On January 4, 2013, Wells Fargo filed both a renewed motion for relief from the automatic stay and a motion to vacate the December 11, 2012 Order; both appeared to be premised on correcting the "confusing" typographical error found in the November 19, 2012 motion.[23] On January 24, 2013, a hearing on the renewed motion was held; Judge Fehling then entered an Order granting relief from the stay based on the January 4, 2013 renewed motion for relief.[24] Judge Fehling subsequently filed a Statement Supporting the

---

[22] 13-cv-1483, Response in Opposition for Reinstatement, Doc. No. 4, Ex. E at 2 (Judge Fehling's Revised Statement Supporting Order Dated December 11, 2012). Mr. Burchill was required to file his Notice of Appeal by December 26, 2012, in accord with Federal Rule of Bankruptcy Procedure 8002(a). Federal Rule of Bankruptcy Procedure 8002(a) requires that an appeal by filed within 14 days after the entry of an order or judgment. Federal Rule of Bankruptcy Procedure 9006(a)(1)(A) explains that the day of the event—December 11, 2012—is excluded, making the fourteenth day thereafter December 25, 2012. Since December 25th is a legal holiday, the filing deadline would be extended to December 26, 2012. FED. R. BANKR. P. 9006(a)(1)(C); 13-cv-1483, Response in Opposition for Reinstatement, Doc. No. 4, Ex. E at 1-2 (Judge Fehling's Revised Statement Supporting Order Dated December 11, 2012). Mr. Burchill admitted that he believed he had the three extra days during a telephone conference with the Bankruptcy Court on January 10, 2013. Id. at 2 n. 3.

[23] Id. See also 13-cv-1483, Response in Opposition for Reinstatement, Doc. No. 4, Ex. F.

[24] 13-cv-1483, Response in Opposition for Reinstatement, Doc. No. 4, Ex. G. However, Judge Fehling denied the motion to vacate the previous Order. See 12-bk-20061, Doc. No. 54. He had indicated in his Revised Statement Supporting the December 11, 2012 Order and his Statement Supporting the January 24, 2013 Order, that he believed the notice of appeal may have divested him of the power to address the motion to vacate. 13-cv-1483, Response in Opposition for Reinstatement, Doc. No. 4, Ex. E at 9; 12-bk-20061, Doc. No. 72.

January 24, 2013 Order as well.[25] In that statement, he explained that the arguments raised by Mr. Burchill at the January 24, 2013 hearing were no more than collateral attacks on the state court decision regarding the Latta Street foreclosure, an issue over which he did not have jurisdiction.[26] He also denied Mr. Burchill's motion for reconsideration filed on January 29, 2014.[27]

On January 30, 2013, a certificate of appeal of the Order entered by Judge Fehling on December 11, 2012 was filed in this court.[28] Mr. Burchill then moved to withdraw that case on February 20, 2013, noting that this appeal had been filed on December 27, 2012 and was, therefore, untimely.[29] On February 27, 2013, I granted this motion for withdrawal.[30] That case was then terminated.

On February 5, 2013, Mr. Burchill filed a notice of appeal of the January 24th Order in Bankruptcy Court.[31] On March 21, 2013, a certificate of appeal of the Order entered by Judge Fehling on January 24, 2013 was filed in this court.[32] On March 27,

---

[25] 12-bk-20061, Doc. No. 72.

[26] Id. at 8-10. At the January 24, 2013 hearing, Judge Fehling noted that remarks and actions taken by Mr. Burchill during that hearing indicated that his actions during the bankruptcy were intended to delay the foreclosure.

[27] See 12-bk-20061, Doc. No. 63 and 64.

[28] See 13-cv-523-LS, Doc. No. 1.

[29] See 13-cv-523-LS, Doc. No. 5. I will note that, at the January 24, 2013 hearing, Judge Fehling recommended that this appeal be voluntarily withdrawn in order to promote judicial efficiency. See 12-bk-20061, Doc. No. 72 at 10. However, this withdrawal did not happen until about a month later; that delay did later create some confusion in Mr. Burchill's appellate filings. See 13-cv-1483, Doc. No. 6.

[30] See 13-cv-523-LS, Doc. No. 6.

[31] See 12-bk-20061, Doc. No. 70.

[32] See 13-cv-1483-LS, Doc. No. 1.

6

2013, I dismissed that matter and remanded it to the clerk of the Bankruptcy Court for failure to follow the appropriate procedure under Rule 8006 of the Rules of Bankruptcy Procedure.[33]

On April 8, 2013, Mr. Burchill filed an application of reinstatement of his appeal.[34] In this application, Mr. Burchill included an Exhibit A, which he claimed should serve as the "designation and statement" missing from his initial appeal filing.[35] This designation and statement included a scant four lines that read: "<u>Designation Regarding Record Information and Statement of Issues</u> There is no transcript in this matter. No additional information is sought to be included in the record. Debtor believes the 1/24/13 Order violates important Constitutional and Statutory Bankruptcy rights and obligations." I denied that application for reinstatement, which I treated as a motion for reconsideration.

On February 8, 2013, the bankruptcy trustee filed a Chapter 7 Report of No Distribution, indicating that Mr. Burchill's estate had been fully administered.[36] On March 22, 2013, Mr. Burchill filed a letter regarding a disputed claim with South Whitehall Township with the Bankruptcy Court.[37]

---

[33] <u>See</u> 13-cv-1483-LS, Doc. No. 2.

[34] <u>See</u> 13-cv-1483-LS, Doc. No. 2.

[35] <u>Id.</u>

[36] 12-bk-20061, Doc. No. 73.

[37] 12-bk-20061, Doc. No. 85.

7

On May 10, 2013, Mr. Burchill's bankruptcy case 12-20061 was terminated based on the trustee's report, and the case was closed. On that day, the Bankruptcy Court entered an Order indicating that the trustee was discharged because he had filed his report and performed all the required administrative duties; thereby, the case was closed.[38] Mr. Burchill appealed.[39]

## II.   STANDARD OF REVIEW

The standard of review for a district court sitting in review of a Bankruptcy Court decision is "clearly erroneous" with regard to factual findings, and plenary with regard to legal findings.[40]  See, e.g., American Flint Glass Workers Union v. Anchor Resolution Corp., 197 F.3d 76 (3d Cir. 1999); FED. R.BANKR. PROC. 8013.

## III.   DISCUSSION[41]

Mr. Burchill offers no specific errors of fact or law that this court should review on appeal. For his "issues presented," he states: "Inappropriate administrative and/or

---

[38] See 12-bk-20061, Doc. No. 92 and 93.

[39] On May 20, 2013, Mr. Burchill then filed a notice of appeal of this Order. 12-bk-20061, Doc. No. 96. On June 3, 2013, he designated which contents were to be included in the appellate record, which was amended on June 10, 2013. 12-bk-20061, Doc. No. 97 and 98. Why the amendment was necessary is unclear, but since the initial statement was filed within 14 days of the notice of appeal, I will consider it to be in compliance with Bankruptcy Rule 8006. The certificate of appeal was then filed in this court on June 21, 2013. 13-3548-LS, Doc. No. 1.

Additionally, Mr. Burchill filed a request for recusal and request for extension of time in filing on July 2, 2013. CA 13-3548, Doc. No. 3. I denied the request for recusal but granted the extension of time. Later, Mr. Burchill filed an "exigent application for relief," which Wells Fargo opposed and I denied as moot. See 13-3548-LS, Doc. No. 6, 7, 9, and 10.

[40] Neither party substantively addressed the standard of review in their brief. Mr. Burchill, a licensed attorney, states: "The standard of appellate review is believed to be appropriate consideration of the facts and law as raised below." Wells Fargo does not offer a standard of review.

[41] This court has jurisdiction to hear an appeal from the Bankruptcy Court pursuant to 28 U.S.C. § 158(a).

substantive processing regarding Appellant's bankruptcy estate."[42] His statement of the case offers no further guidance.[43] He then directs the court to see his argument section. In that section, he appears to make three main points: 1) 11 U.S.C. § 541 is extremely broad and the Bankruptcy Court, as a court of equity, should have been able to bring his foreclosed-upon property into the estate; 2) Wells Fargo engaged in "unfair acts and deceptive practices" thereby causing his mortgage foreclosure in the first place; 3) a tree trimming debt from South Whitehall Township, which Mr. Burchill disputes, should have been given more weight than it had been.[44]

Mr. Burchill is a trained attorney. He should know that these arguments—which offer little to no basis in case law or explanation of how the statute allows him relief—are insufficient to warrant a reversal of the Bankruptcy Court's decision.[45]

---

[42] See Appellant's Brief, CA 13-3548, Doc. No. 4 at 1.

[43] Mr. Burchill simply states: "Bankruptcy processing of contract and tort estate obligations, were believed to be insufficient. The matter was ended without this important aspect. Appellant's background relative to the problems leading to bankruptcy were unfairly discounted. In greater dismay, egregious behavior *malum prohibitum* was believed to be treated as interstitial." Appellant's Brief, CA 13-3548, Doc. No. 4 at 1.

[44] Mr. Burchill cites to a handwritten memo which appears to discuss how zoning issues led to an unfair and "unconstitutional" tree cutting bill. Specifically it stated: "Dear Sir: So Whitehall Township(claim) There were problems with zoning matters for many years. Ultimately, it was made a 'right of way', criminal proceeding which was dismissed as unconstitutional. During the above continuous and oppressive course, in response to notice concerning free tree trimming, the Township was invited to cut the trees for free. A substantial length of time passed, and without notice the trees were cut. There is no contract, upon which $401.90 obligation can be based, and any value received appears to be illusory when the mother's overall history is considered. Please see additional info." It is addressed to Platt Fleischaker, titled as Letter of 1/22/13, and dated 2/6/13. Ex. A of 7/11/13 filing. (13-3548, Doc. No. 4). How this dispute relates to the bankruptcy estate is unclear. I can only assume Mr. Burchill had wanted to debt to be discharged in bankruptcy when it was not. Yet, he does not explain how the dispute relates, what relief the Bankruptcy Court should have offered him, and how the relief he did receive (or lack thereof) was in error. I cannot guess what the error might be, nor will I try, nor should I have to do so. Mr. Burchill is a trained attorney, who should understand the requirements of the appellate process.

[45] Mr. Burchill cited five cases in his appeal brief: Butner v. United States, 440 U.S. 48 (1979)(which he cites as Britner v. United States); Travelers Cas. And Sur. Co. of America v. Pacific Gas and Elec. Co., 549 U.S. 443 (2007); Pepper v. Litten, 308 U.S. 295 (1939); In re General Coffee Corp., 828 F.2d 699 (11th Cir. 1987); and U.S. v. Durham Lumber Co., 257 F.2d 570 (4th Cir. 1958).

Furthermore, I see no clear error in the Bankruptcy Court's factual findings, nor do I find any error in its legal findings.[46] The Bankruptcy Court dismissed Mr. Burchill's bankruptcy after the trustee had completed his duties. As the Bankruptcy Court explained, the Rooker-Feldman doctrine barred it from overturning the state court's judgment related to the foreclosure proceedings.[47] Mr. Burchill offers no evidence that

---

Butner held that "the question of whether a security interest in property extends to rents and profits derived from property is one that should be resolved by reference to state law." 440 U.S. at 52. I do not understand how this point relates to the appellant's case, and the appellant offers no pin cite to further guide my understanding of the relevance of this case.

Travelers Cas. And Sur. Co. of America held that federal bankruptcy law does not preclude an unsecured creditor from recovering attorney's fees authorized by a preparation contract. 549 U.S. at 445. There does not appear to be a dispute over attorney's fees from an unsecured creditor, so I do not understand how it relates to this action. Again, the appellant offers no pin cite.

Pepper discussed whether the bankruptcy court had the power to disallow—either as a secured or as a general/unsecured claim—a judgment obtained by the dominant and controlling stockholder of a bankrupt corporation on alleged salary claims. 308 U.S. at 296. Given that Mr. Burchill is not a stockholder at a bankrupt corporation and that this bankruptcy does not involve that of a corporation, this case also appears to be off-point.

In re General Coffee Corp. seems to be a little more on-point in that it explains that certain equitable interests may be brought into the bankruptcy estate, as Mr. Burchill argues. However, the Eleventh Circuit in that case held that General Coffee could not bring assets from a constructive trust into its bankruptcy estate, which would cut against Mr. Burchill's argument. In re General Coffee Corp., 828 F.2d at 706.

Durham Lumber Co. discussed "the relative rights of the United States, claiming under a tax lien upon the properties of a general contractor, and certain subcontractors, claiming in their individual rights against the owners of improved real estate." 257 F.2d at 571. While this case was related to bankruptcy proceedings, the case was much more concerned with tax liens as they relate to contractors; since the appellant is neither a contractor nor has implicated a tax lien on his property, this case does not appear to offer support for his appeal. Again, Mr. Burchill offers no pin cites, so I have no further guidance as to which parts of the case might be relevant.

[46] Mr. Burchill also makes a two other claims: 1) one for "negligent and/or intentional infliction of emotional harm carried out through activities which can be denominated oppressive," and 2) one for "egregious circumstances" related to the "legislative, equitable intent of Congress before nothing less than the Executive Power (The Department of Justice and its National Mortgage Relief Program)," which he claims was not presented at his bankruptcy proceeding.  Appellant's Brief, CA 13-3548, Doc. No. 4 at 3. While it is not clear what the oppressive activities in the first claim are, this sort of claim would not be one the bankruptcy court would consider unless some sort of formal action had been filed and decided; no formal action awarding such damages has been cited by Mr. Burchill. As to the latter claim, it is unclear what these circumstances are and how they would be within the purview of Mr. Burchill's bankruptcy.

[47] "[F]or the Rooker–Feldman doctrine to apply: (1) the federal plaintiff lost in state court; (2) the plaintiff 'complain[s] of injuries caused by [the] state-court judgments'; (3) those judgments were rendered before the federal suit was filed; and (4) the plaintiff is inviting the district court to review and reject the state judgments." Great

there was fraud undertaken by Wells Fargo in the ejectment proceedings themselves, such that the Rooker-Feldman doctrine might apply.[48]

In addition, Mr. Burchill had been given ample opportunities by the Bankruptcy Court to explain why the Latta Street property should be brought into the bankruptcy estate, undercutting his implicit due process argument. The Bankruptcy Court gave Mr. Burchill an opportunity to show cause at a hearing as to why the state court appeal related to the Latta property should not be dismissed from his bankruptcy case dispute; Mr. Burchill failed to appear at this hearing. The Bankruptcy Court set a hearing related to Wells Fargo's motion to lift the automatic stay. Not only did Mr. Burchill fail to file any proper opposition to this motion, but he also did not show up at this hearing. Mr. Burchill then filed an untimely appeal of the initial decision to lift the stay.

Mr. Burchill then was given another opportunity to formally oppose this motion to lift the stay when Wells Fargo refiled the motion to correct the previously-cited technical error in the first motion—to afford Mr. Burchill every possible right to proper notice. Yet, he again did not provide the court with any good reason why the Latta Street property could be considered a part of the bankruptcy estate. I find none now as well.

---

Western Mining & Mineral Co. v. Fox Rothchild, LLP, 615 F.3d 159, 166 (3d Cir. 2010) (citing Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005)).

[48] Mr. Burchill does not offer evidence that would implicate the fairness or impartiality of the state court's judgment itself but instead complains of an injury that pre-dated the state-court judgment, that of him losing his home due to foreclosure. See Great Western Mining & Mineral Co., 615 F.3d at 167 ("A useful guidepost is the timing of the injury, that is, whether the injury complained of in federal court existed prior to the state-court proceedings and thus could not have been 'caused by' those proceedings."). See also Bey v. Court of Common Pleas of Philadelphia County, No. 2:13–cv–0506 (NLH), 2013 WL 5780777, at *2 (E.D.Pa. Oct. 24, 2013)(slip); Reiter v. Washington Mut. Bank, 455 Fed.Appx. 188, 190 (3d Cir. Oct. 26, 2011)("[I]f Reiter wanted federal court review of the state court judgment in his mortgage foreclosure proceedings, he should have traveled the following course: an appeal as of right to the Superior Court of Pennsylvania, followed—if relief was denied at that intermediate stage—by requests for discretionary review from the Pennsylvania and United States Supreme Courts.").

## IV. CONCLUSION

For the foregoing reasons, I will affirm the decision of the Bankruptcy Court and dismiss this appeal with prejudice.

An appropriate Order follows.